UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

(FILED ELECTRONICALLY)

CIVIL ACTION NO. __3:18-cv-142-TBR__

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.

DARLA NORRIS                                                DEFENDANTS
A/K/A DARLA M. HODGES
160 Tara Dawn Drive
Shepherdsville, Kentucky

CITY OF SHEPHERDSVILLE, KENTUCKY
SERVE: Walt Sholar, City Attorney
147 Combs Court, POB 6539
Shepherdsville, KY 40165

SOUTHERN EMERGENCY MEDICAL SPECIALISTS, P.S.C.
SERVE: John R. Cox, Counsel
1817 Brownsboro Road
Louisville, Kentucky 40206

## COMPLAINT FOR FORECLOSURE

Plaintiff, the United States of America, states as follows:

1.     This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development (hereinafter collectively "RHS").

2.     Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

3.     RHS is the holder of a promissory note ("the Note") executed for value on November 16, 2001 by Defendant Darla Norris a/k/a Darla M. Hodges ("the Borrower").  The principal amount of the Note was $64,000.00, bearing interest at the rate of 6.875 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.     The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on November 16, 2001, in Mortgage Book 628, Page 283, in the Office of the Clerk of Bullitt County, Kentucky.  Through the Mortgage, the Borrower, unmarried, granted RHS a mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 160 Tara Dawn Drive, Shepherdsville, Bullitt County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.     To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS. A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.     The Borrower has defaulted on the Note and Mortgage by failing to make payments when due.

7.     RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice to the Borrower of the default and acceleration of the loan.

8.     In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

9.     The unpaid principal balance on the Note is $65,256.42 with accrued interest of $3,945.51 through November 1, 2016 with a total subsidy granted of $27,450.69, escrow charges of $1,290.00, late charges in the amount of $61.74, and fees assessed of $736.72, for a total unpaid balance of

$98,741.08 as of November 1, 2016.  Interest is accruing on the unpaid principal balance at the rate of $12.4249 per day after November 1, 2016.

10.    The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

11.    The Mortgage granted to RHS by Borrower is a purchase money mortgage.  The United States is unaware if the Borrower has a spouse, but even if such spouse existed, pursuant to KRS 392.040(1), any surviving spouse shall not have a spousal interest in land sold in good faith after marriage to satisfy an encumbrance created before marriage or to satisfy a lien for the purchase money.

12.    Defendant City of Shepherdsville, Kentucky may claim an interest in the Property by virtue of a lien recorded on September 26, 2016 in Encumbrance Book 100, Page 595 in the Bullitt County Clerk's Office, a copy of which is attached as **Exhibit D**.  Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

13.    Defendant City of Shepherdsville, Kentucky may claim an interest in the Property by virtue of a lien recorded on October 18, 2016 in Encumbrance Book 100, Page 720 in the Bullitt County Clerk's Office, a copy of which is attached as **Exhibit E**.  Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

14.    Defendant Southern Emergency Medical Specialists P.S.C. may claim an interest in the Property by virtue of a lien recorded on June 30, 2017 in Encumbrance Book 102, Page 380 in the Bullitt County Clerk's Office, a copy of which is attached as **Exhibit F**.  The interest of this Defendant is inferior in rank and subordinate in priority to the mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come

forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

15.   There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.   Judgment against the interests of the Borrower in the Property in the principal amount of $65,256.42, plus $3,945.51 interest as of November 1, 2016, and $27,450.69 for reimbursement of interest credits, escrow charges of $1,290.00, late charges in the amount of $61.74, and fees assessed of $736.72, for a total unpaid balance due of $98,741.08 as of November 1, 2016, with interest accruing at the daily rate of $12.4249 from November 1, 2016, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b.   That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.   That the United States' lien be enforced and the Property be sold in accordance with Title 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.   That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.    That the Property be adjudged indivisible and be sold as a whole; and

f.    That the United States receive any and all other lawful relief to which it may be entitled.

<div style="margin-left:40%">

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney


s/ William F. Campbell
William F. Campbell
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky  40202
Phone:  502/582-5911
Fax:     502/625-7110
bill.campbell@usdoj.gov

</div>

USDA-RHS
Form FmHA 1940-16
(Rev. 10-96)

# PROMISSORY NOTE

Type of Loan SECTION 502

Loan No. ████

Date:  **November 16** , **2001**

**160 Tara Dawn Drive**
(Property Address)

**Shepherdsville** , **Bullitt** , **Kentucky**
(City or Town)      (County)      (State)

**BORROWER'S PROMISE TO PAY.** In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors)("Government") $ **64,000.00** (this amount is called "principal"), plus interest.

**INTEREST.** Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of **6.875** %.The interest rate required by this section is the rate I will pay both before and after any default described below.

**PAYMENTS.** I agree to pay principal and interest using one of two alternatives indicated below:

☐ I.  Principal and interest payments shall be temporarily deferred. The interest accrued to _____ , _____ shall be added to the principal. The new principal and later accrued interest shall be payable in _____ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $ _____ , and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

☒ II.  Payments shall not be deferred. I agree to pay principal and interest in **396** installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the **16th** day of each month beginning on **December 16, 2001** and continuing for **395** months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on **November 16 ,2034** , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ **409.28** . I will make my monthly payment at **the post office address noted on my billing statement** or a different place if required by the Government.

**PRINCIPAL ADVANCES.** If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

**HOUSING ACT OF 1949.** This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

1


EXHIBIT "A"

**LATE CHARGES.** If the Government has not received the full amount of any monthly payment by the end of 15 days after the date it is due, I will pay a late charge. The amount of the charge will be 4.000 percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once on each late payment.

**BORROWER'S RIGHT TO PREPAY.** I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

**ASSIGNMENT OF NOTE.** I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

**CREDIT ELSEWHERE CERTIFICATION.** I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

**USE CERTIFICATION.** I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

**LEASE OR SALE OF PROPERTY.** If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

**REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT.** I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

**SUBSIDY REPAYMENT AGREEMENT.** I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

**CREDIT SALE TO NONPROGRAM BORROWER.** The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

**DEFAULT.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as describe in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

Account #

**NOTICES.** Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at <u>USDA / Rural Housing Service, c/o Customer Service Branch, P.O. Box 66889, St. Louis, MO 63166</u>, or at a different address if I am given a notice of that different address.

**OBLIGATIONS OF PERSONS UNDER THIS NOTE.** If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

**WAIVERS.** I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING:** Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.

| _____ Seal | _Darla Dorris_____ Seal |
|:---:|:---:|
| Borrower | Borrower |

| _____ Seal | _____ Seal |
|:---:|:---:|
| Borrower | Borrower |

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

Account #: ■■■■■■

3

Space Above This Line For Recording Data

Form RD 3550-14 KY
(8-99)

Form Approved
OMB No. 0575-0172

### United States Department of Agriculture
### Rural Housing Service

# MORTGAGE FOR KENTUCKY

THIS MORTGAGE ("Security Instrument") is made on  November 16                 , 2001 · [Date]
The mortgagor is   **DARLA NORRIS, single**

("Borrower").

This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency,
United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center,
United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called
"Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not
paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| November 16, 2001 | $64,000.00 | November 16, 2034 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect
the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the
Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower does hereby mortgage, grant,
and convey to Lender the following described property located in the County of
     **Bullitt**                      , State of Kentucky

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF AS THOUGH COPIED IN FULL

which has the address of     **160 Tara Dawn Drive**                          **Shepherdsville**
                                                [Street]                                                     [City]
Kentucky              **40165**                     ("Property Address");
                             [Zip]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall
also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the
"Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.

*According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it
displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time
required to complete this information collection is estimated to average 15 minutes per response, including the time for
reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and
reviewing the collection of information*

Page 1 of 6

# EXHIBIT "B"

Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:

**1.  Payment of Principal and Interest; Prepayment and Late Charges.**  Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2.  Funds for Taxes and Insurance.**  Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any.  These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount.  If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount.  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity.  Lender shall apply the Funds to pay the Escrow Items.  Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge.  However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds.  Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds.  Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made.  The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3.  Application of Payments.**  Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

**4.  Charges; Liens.**  Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any.  Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment.  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph.  If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the property.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be

applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11.  Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12.  Successors and Assigns Bound; Joint and Several Liability; Co-signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13.  Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14.  Governing Law; Severability.**  This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**15.  Borrower's Copy.**  Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

**16.  Transfer of the Property or a Beneficial Interest in Borrower.**  If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.

**17.  Nondiscrimination.**  If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

**18.  Sale of Note; Change of Loan Servicer.**  The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security

Page 4 of 6

Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.

**19. Uniform Federal Non-Judicial Foreclosure.** If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property. The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**21. Cross Collateralization.** Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**22. SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the Property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the Property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

**23.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the Property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

**24.** Borrower agrees that Lender will not be bound by any present or future state laws, (a) providing for valuation, appraisal, homestead or exemption of the Property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which Lender may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the Property to a new Borrower. Borrower expressly waives the benefit of any such state law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

**25. Release.** Upon termination of this mortgage, after payment in full, the mortgagee, at Borrower's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365

**26.** **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and

shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.  [Check applicable box]

☐ Condominium Rider        ☐ Planned Unit Development Rider        ☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 6 of this Security Instrument and in any rider executed by Borrower and recorded with this Security Instrument

_____*Darla Norris*_____ [SEAL]
_____*Borrower*

_____ [SEAL]
_____*Borrower*

STATE OF KENTUCKY            }
                              } ss :        **ACKNOWLEDGMENT**
COUNTY OF _____GRAYSON_____  }

Before me,_____Sue Whobrey_____, a Notary Public in and for the County of

_____Grayson_____, personally appeared____Darla Norris, single_____

_____ who acknowledged that __she_____ executed the

foregoing instrument on the ____16th____ day of ____November_____, ____2001___ as ___her___ free act

and deed.

WITNESS my hand and official seal this ____16th____ day of ____November, 2001_____.

[SEAL]                                      _____*Sue Whobrey*_____Notary
                                            Public

                                            My commission expires ____10/25/02____

**PREPARER'S STATEMENT**
The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of:

__DAVID B. VICKERY_____        _____*David B Vickery*_____
                 *(Name)*                              *(Signature)*
101 N. Main Street, Leitchfield, KY 42754
_____
                 *(Address)*

**RECORDER'S CERTIFICATE**

STATE OF KENTUCKY            }
                              } ss :
COUNTY OF _____  }

I,_____, Clerk of the County Court for the County aforesaid, do certify that the

foregoing mortgage was on the _____ day of _____, _____,

lodged for record _____ at _____ o'clock __M., whereupon the same, with the foregoing and this certificate, have been

duly recorded in my office.

Given under my hand this _____day of _____, _____.

                              _____
                              *Clerk of        County Court*
                              By _____, D.C.

                                                            Page 6 of 6

## EXHIBIT A
### LEGAL DESCRIPTION

**Being Lot #44, Meadowlark Subdivision, plat of which is of record in Plat Cabinet 2, Slide 261 and 262, Bullitt County Clerk's Office.**

**This property is subject to easements and rights-of-way and all items contained on plat of Meadowlark Subdivision of record in Plat Cabinet 2, Slides 261 & 262, records of the Bullitt County Clerk. This property is further subject to all restrictions of Meadowlark Subdivision as reflected in Deed Book 452, Page 473, records of the Bullitt County Clerk.**

**Being the same property conveyed to Darla Norris, single, by Commonwealth Affordable Housing, LLC, a Kentucky Limited Liability Company, by Deed of record in Deed Book _____, Page _____, records of the Bullitt County Clerk.**

Form RHS 3550-12
(10-96)

United States Department of Agriculture
Rural Housing Service

Form Approved
OMB No. 0575-0166

Account #: ▮▮▮▮▮▮

# SUBSIDY REPAYMENT AGREEMENT

1. As required under Section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with Section 502 of the Housing Act of 1949, is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2. When I fail to occupy or transfer title to my home, recapture is due. If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but, payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated. If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full. In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3. Market value at time of initial subsidy $ 90,500.00 less amount of Rural Housing Service (RHS) loans $ 64,000.00 less amount of any prior liens $ 6,399.00 equals my/our original equity $ 20,101.00 . This amount equals 22.2 % of the market value as determined by dividing original equity by the market value.

4. If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, complete the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans. Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

5.

| months loan outstanding | Average interest rate paid | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 1% | 1.1 2% | 2.1 3% | 3.1 4% | 4.1 5% | 5.1 6% | 6.1 7% | >7% |
| 0 - 59 | .50 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60 - 119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120 - 179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180 - 239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 - 299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 - 359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 & up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

6. Calculating Recapture
    Market value (at the time of transfer or abandonment)
    LESS:
        Prior liens
        RHS balance,
        Reasonable closing costs,
        Principal reduction at note rate,
        Original equity (see paragraph 3), and
        Capital improvements.
    EQUALS
        Appreciation Value. (If this is a positive value, continue.)
    TIMES
        Percentage in paragraph 4 (if applicable),
        Percentage in paragraph 5, and
        Return on borrower's original equity (100% - percentage in paragraph 3).
    EQUALS
        Value appreciation subject to recapture. Recapture due equals the lesser of this figure or the amount of subsidy received.

| Borrower  *Darla Norris* | Date  11/16/01 |
|---|---|
| Borrower | Date |

Public reporting burden for this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to U.S. Department of Agriculture, Clearance Officer, STOP 7602, 1400 Independence Avenue, S.W., Washington, D.C. 20250-7602. Please DO NOT RETURN this form to this address. Forward to the local USDA office only. You are not required to respond to this collection of information unless it displays a currently valid OMB control number.



EXHIBIT "C"

01/09/2018  14:08   15025439121          BULLITT COUNTY CLERK                    PAGE  10/32



MAILED TO:
PREPARER

State of Kentucky
County of Bullitt

## LIEN STATEMENT OF THE CITY OF SHEPHERDSVILLE (KRS 82.270)

Owner:

Darla Norris
160 Tara Dawn Drive
Shepherdsville, Kentucky 40165

Property located at 160 Tara Dawn Drive, Shepherdsville, Kentucky

Comes the affiant, Tammy Richmond, and after being duly sworn states:

1.  Affiant is the duly appointed Clerk of the City of Shepherdsville, Kentucky, a municipal corporation established by statute, KRS 82.005 (1) (b). Affiant is authorized to make the following statements and to assert a lien upon the following described real property to abate nuisance pursuant to ordinance and KRS 82.720, a copy of the owner's deed is attached hereto as a part hereof as if set out in full( Deed Book 901Page 739) Office of the Bullitt County Court Clerk).          538  -  680

2.  Affiant states that service was performed and materials provided to the property to abate nuisance upon the property. The amount expended by the City to abate the subject nuisance is the sum of $380.00.

3.  Affiant states that all just credits and setouts have been given to the owner. Affiant states a copy of the foregoing has been sent to the owner

4.  So says the Affiant.

City of Shepherdsville by:

_____
Tammy Richmond, Clerk, Affiant

Subscribed and sworn before me by Tammy Richmond, Clerk, this 26ᵗʰ day of

September, 2016.

_____
Notary Public, Kentucky State at Large
My commission expires: 9/05/18

Joseph J. Wartland
Notary Public, ID No. 539554
State at Large, Kentucky
My Commission Expires on Sept. 17, 2018

BULLITT COUNTY
E400  PG595

Printed on: 1/9/2018 1:44 PM Printed By: CTIC

Exhibit D

The undersigned states the foregoing was mailed
To the following listed individual:


This ___26__ day of September, 2016


Instrument prepared by:

Joseph J. Wandand
Attorney at Law
P.O. Box 515
319 S. Buckman Street
Shepherdsville, Kentucky 40165
502-543-2840

BULLITT COUNTY
E100  PG596

August 8, 2016

Darla Norris
160 Tara Dawn Dr
Shepherdsville, KY 40165

RE:  Property located at 160 Tara Dawn Dr., Shepherdsville, KY

According to the property records at the Bullitt County PVA office you are listed as the responsible party for the residence at 160 Tara Dawn Dr., Shepherdsville, KY.

At this time the property is in violation of the Shepherdsville City Ordinance that pertains to maintenance of neighborhoods and properties. The ordinance states the following:

Section Two Duty to Cut Grass – The owner and/or occupants of land to which this ordinance applies shall not allow tall grass or weeds to grow over eight inches in height throughout the growing season, including grass and weeds in the right-of-way and it shall be the duty of all owners and/or occupants of land located in the City either to cut or otherwise destroy by lawful means all tall grass and weeds, as defined in this ordinance, which are growing upon said property, before they reach a seed-bearing stage, and to prevent said weeds from perpetuating themselves and from becoming a detriment to public health.  On an undeveloped lot, tall grass and weeds must be cut back at a distance of at least thirty feet from the roadway so as to allow a clear line of site.

Section Four Unlawful Acts – It shall be unlawful for the owner and/or occupant of any lot or parcel of land to which this ordinance applies to allow or maintain upon any portion of such lot or parcel any growth of tall grass or weeds as defined herein, or to permit the deposit or accumulation upon any portion of such lot or parcel of land, of any brush, yard debris, dead vegetation, or cut grass or weeds so as to create a nuisance due to unsightliness, an unhealthy or unsafe condition, or traffic hazard, or fire hazard.  Growth of grass to a length greater than eight inches shall be considered to be a nuisance for the purposes of this section.

Section Five Penalty – Any person violating the provisions of Section 4 shall be guilty of a misdemeanor and shall be fined not less than $10 or more than $500 for each offense.

Section Six Abatement – In addition to any criminal penalty provided by ordinance, the city may provide notice for abatement of any violation by mail, registered, first class, to the owner of the property as shown by records of the Property Valuation Administrator at the time of the alleged violation. The owner/occupant shall have the right to petition the City Council for a hearing to determine the nature and abatement of the violation within 10 days of the date of mailing the notice for abatement, by delivery in writing and addressed to the City Clerk. The City Clerk shall set a time for hearing before the City Council within 10 days of the delivery of notice. The City Council shall hear evidence of the violation from witnesses, under oath, and shall make a determination of the violation, if any, and any remedy

BULLITT COUNTY
E100  PG597

thereof.  Upon finding of violation, the City Council shall prescribe an abatement of the violation and shall direct the City Clerk to prescribe an assessment to the real property upon the ad valorem tax bill for the immediate calendar year to recoup all costs associated with the abatement.

This letter stands as notice of a violation.  You have ten days to remedy the issue or request a hearing before the city council.

If you have any questions please feel free to contact me.

Sincerely,


Detective Myra Minton

01/09/2018  14:08    15025439121          BULLITT COUNTY CLERK              PAGE  14/32

BOOK 0538 PAGE  680

00066

### DEED

THIS DEED made and entered into this 16th day of November, 2001, by and between COMMONWEALTH AFFORDABLE HOUSING, LLC, a Kentucky Limited Liability Company, whose address is 1178 Owensboro Road, P.O. Box 556, Leitchfield, KY 42754, hereinafter called First Party, and DARLA NORRIS, single, whose address is 160 Tara Dawn Drive, Shepherdsville, KY 40165, hereinafter called Second Party;

### WITNESSETH:

That for a valuable consideration paid, the receipt of which is hereby acknowledged, the First Party has this day and does by this instrument hereby grant, bargain, sell and convey unto the Second Party, DARLA NORRIS, single, her heirs and assigns forever, the following described property located in Bullitt County, Kentucky, to-wit:

Being Lot #44, Meadowlark Subdivision, plat of which is of record in Plat Cabinet 2, Slide 261 and 262, Bullitt County Clerk's Office.

This property is subject to easements and rights-of-way and all items contained on plat of Meadowlark Subdivision of record in Plat Cabinet 2, Slides 261 & 262, records of the Bullitt County Clerk. This property is further subject to all restrictions of Meadowlark Subdivision as reflected in Deed Book 462, Page 473, records of the Bullitt County Clerk.

Being a part of the same property conveyed to Commonwealth Affordable Housing, LLC, a Kentucky Limited Liability Company, by Wabuck Development Company, Inc., a Kentucky Corporation, by Deed of record in Deed Book 0527, Page 434, (re-recorded in Deed Book 0527, Page 521) records of the Bullitt County Clerk.

MAILED TO:
PREPARER

LAND CO... :/ ... .8 FORM
DELIVERED TO P. V. A.
NOV 2 0 2001

BULLITT COUNTY
E100   PG599

Printed on: 9/27/2016 9:17 AM

# City Of Shepherdsville

Public Works Dept
190 Frank E Simon Ave
Shepherdsville, KY 40165

# Invoice

Phone: (502) 543-2923
Fax:
E-mail:

escription of work:
   Mow and trim lot
er code enfocement

D 538
P 680

Bill To:

160 TaraDawn dr
Shepherdsville, KY 40165

| Data | Labor | QTY | Equipment | Hours | Rate | |
|---|---|---|---|---|---|---|
| 5/6/2016 | | | lawn mower & trailer | 2hrs | $ | 120.00 |
| | | 1 | Stihl weedeater | 2hrs | $ | 40.00 |
| | Mental... | | | 2hrs | $ | 220.00 |
| | | | | | $ | |
| | | | | | $ | |
| | | | | | $ | |
| | | | | | $ | |
| | | | | Total | $ | 380.00 |

Mowing and Maintenance has a two (2) hour minimum

Remarks:
*Mowing and trimming were completed and trash was picked up off lot*

01/09/2018  14:08   15025439121          BULLITT COUNTY CLERK          PAGE  16/32

## City Of Shepherdsville

Public Works Dept
190 Frank E Simon Ave
Shepherdsville, KY 40165

# Invoice

Phone: (502) 543-2923
Fax:
E-mail:

scription of work:
   Mow and trim lot
r code enforcement

D 538
P 680

Bill To:

160 TaraDawn dr
Shepherdsville, KY 40165

| Date | Labor | QTY | Equipment | Hours | Rate |
|------|-------|-----|-----------|-------|------|
| 9/8/2016 | | | 1 Shredmower & trailer | 2Hrs | $ 120.00 |
| | | | 1 Stihl weedeater | 2Hrs | $ 40.00 |
| | Men | | | 2Hrs | $ 200.00 |
| | | | | | $ |
| | | | | | $ |
| | | | | | $ |
| | | | | | $ |
| | | | | Total | $ 360.00 |

Mowing and Maintenance has a two (2) hour minimum ;

Mowing and trimming were completed and trash was picked up off lot

DOCUMENT NO: 598674
RECORDED: September 28,2016  02:44:00 PM
TOTAL FEES:          $25.00
COUNTY CLERK: KEVIN MOONEY
DEPUTY CLERK: BEVERLY BOWLING
COUNTY: BULLITT CO CLERK
BOOK: E100   PAGES: 595 - 601



State of Kentucky
County of Bullitt

LIEN STATEMENT OF THE CITY OF SHEPHERDSVILLE (KRS 82.270)

Owner:

Darla Norris
160 Tara Dawn Drive
Shepherdsville, Kentucky 40165

Property located at 160 Tara Dawn Drive, Shepherdsville, Kentucky

Comes the affiant, Tammy Richmond, and after being duly sworn states:

1. Affiant is the duly appointed Clerk of the City of Shepherdsville, Kentucky, a municipal corporation established by statute, KRS 82.005 (1) (b). Affiant is authorized to make the following statements and to assert a lien upon the following described real property to abate nuisance pursuant to ordinance and KRS 82.720, a copy of the owner's deed is attached hereto as a part hereof as if set out in full( Deed Book 901 Page 739) Office of the Bullitt County Court Clerk).

2. Affiant states that service was performed and materials provided to the property to abate nuisance upon the property. The amount expended by the City to abate the subject nuisance is the sum of $380.00.

3. Affiant states that all just credits and setouts have been given to the owner. Affiant states a copy of the foregoing has been sent to the owner

4. So says the Affiant.

City of Shepherdsville by;

Tammy Richmond, Clerk, Affiant

Subscribed and sworn before me by Tammy Richmond, Clerk, this 26ᵗʰ day of

September, 2016.

Notary Public; Kentucky State at Large
My commission expires: 9/05/18

Joseph J. Wantland
Notary Public, ID No. 539554
State at Large, Kentucky
My Commission Expires on Sept. 17, 2018

BULLITT COUNTY
E100  PG720

Exhibit E

The undersigned states the foregoing was mailed
To the following listed individual:

This ____26th____ day of September, 2016

Instrument prepared by:

Joseph J. Wantland
Attorney at Law
P.O. Box 515
319 S. Buckman Street
Shepherdsville, Kentucky 40165
502-543-2840

August 8, 2016

Daria Norris
160 Tara Dawn Dr
Shepherdsville, KY 40165

RE:  Property located at 160 Tara Dawn Dr., Shepherdsville, KY

According to the property records at the Bullitt County PVA office you are listed as the responsible party for the residence at 160 Tara Dawn Dr., Shepherdsville, KY.

At this time the property is in violation of the Shepherdsville City Ordinance that pertains to maintenance of neighborhoods and properties. The ordinance states the following:

Section Two Duty to Cut Grass – The owner and/or occupants of land to which this ordinance applies shall not allow tall grass or weeds to grow over eight inches in height throughout the growing season, including grass and weeds in the right-of-way and it shall be the duty of all owners and/or occupants of land located in the City either to cut or otherwise destroy by lawful means all tall grass and weeds, as defined in this ordinance, which are growing upon said property, before they reach a seed-bearing stage, and to prevent said weeds from perpetuating themselves and from becoming a detriment to public health. On an undeveloped lot, tall grass and weeds must be cut back at a distance of at least thirty feet from the roadway so as to allow a clear line of site.

Section Four Unlawful Acts – It shall be unlawful for the owner and/or occupant of any lot or parcel of land to which this ordinance applies to allow or maintain upon any portion of such lot or parcel any growth of tall grass or weeds as defined herein, or to permit the deposit or accumulation upon any portion of such lot or parcel of land, of any brush, yard debris, dead vegetation, or cut grass or weeds so as to create a nuisance due to unsightliness, an unhealthy or unsafe condition, or traffic hazard, or fire hazard. Growth of grass to a length greater than eight inches shall be considered to be a nuisance for the purposes of this section.

Section Five Penalty – Any person violating the provisions of Section 4 shall be guilty of a misdemeanor and shall be fined not less than $10 or more than $500 for each offense.

Section Six Abatement – In addition to any criminal penalty provided by ordinance, the city may provide notice for abatement of any violation by mail, registered, first class, to the owner of the property as shown by records of the Property Valuation Administrator at the time of the alleged violation. The owner/occupant shall have the right to petition the City Council for a hearing to determine the nature and abatement of the violation within 10 days of the date of mailing the notice for abatement, by delivery in writing and addressed to the City Clerk. The City Clerk shall set a time for hearing before the City Council within 10 days of the delivery of notice. The City Council shall hear evidence of the violation from witnesses, under oath, and shall make a determination of the violation, if any, and any remedy

BULLITT COUNTY
E100   PG722

thereof.  Upon finding of violation, the City Council shall prescribe an abatement of the violation and shall direct the City Clerk to prescribe an assessment to the real property upon the ad valorem tax bill for the immediate calendar year to recoup all costs associated with the abatement.

This letter stands as notice of a violation. You have ten days to remedy the issue or request a hearing before the city council.

If you have any questions please feel free to contact me.

Sincerely,


Detective Myra Minton


BULLITT COUNTY
E100   PG723

Liability Company, whose address is 1178 Owensboro Road, P.O. Box 556, Leitchfield, KY 42754, hereinafter called First Party, and DARLA NORRIS, single, whose address is 160 Tara Dawn Drive, Shepherdsville, KY 40165, hereinafter called Second Party;

## WITNESSETH:

That for a valuable consideration paid, the receipt of which is hereby acknowledged, the First Party has this day and does by this instrument hereby grant, bargain, sell and convey unto the Second Party, DARLA NORRIS, single, her heirs and assigns forever, the following described property located in Bullitt County, Kentucky, to-wit:

Being Lot #44, Meadowlark Subdivision, plat of which is of record in Plat Cabinet 2, Slide 261 and 262, Bullitt County Clerk's Office.

This property is subject to easements and rights-of-way and all items contained on plat of Meadowlark Subdivision of record in Plat Cabinet 2, Slides 261 & 262, records of the Bullitt County Clerk. This property is further subject to all restrictions of Meadowlark Subdivision as reflected in Deed Book 452, Page 473, records of the Bullitt County Clerk.

Being a part of the same property conveyed to Commonwealth Affordable Housing, LLC, a Kentucky Limited Liability Company, by Wabuck Development Company, Inc., a Kentucky Corporation, by Deed of record in Deed Book 0527, Page 434, (re-recorded in Deed Book 0527, Page 521) records of the Bullitt County Clerk.

LAND CONVEYANCE FORM
DELIVERED TO P. V. A.
NOV 2 0 2001

BULLITT COUNTY
E100    PG724




01/09/2018  14:08    15025439121            BULLITT COUNTY CLERK              PAGE  22/32

# City Of Shepherdsville

Public Works Dept
190 Frank E Simon Ave
Shepherdville, KY 40165

# Invoice

Phone: (5(2) 543-2923
Fax:
E-mail:

Description of work:
  Mow and trim lot
Per code enforcement

D 538
P 680

Bill To:
160 TaraDawn dr
Shepherdsville, KY 40165

| Date | Labor | QTY | Equipment | hours | rate |
|---|---|---|---|---|---|
| 3/5/2018 | | | Scag mower & trailer | 2hrs. | $ 20.00 |
| | | 1 | Stihl weedeater | 2hrs. | $ 40.00 |
| | Maintenance | | | 2hrs. | $ |
| | | | | | $ |
| | | | | | $ |
| | | | | | $ |
| | | | | | $ |
| | | | | Total | $ 389.00 |

Mowing and Maintenance has a two (2) hour minimum

Remarks:

*Mowing and trimming were completed and trash was picked up off lot*

01/09/2018  14:08    15025439121              BULLITT COUNTY CLERK          PAGE  23/32

# City Of Shepherdsville

· Public Works Dept
190 Frank E Simon Ave
Shepherdsville, KY 40165

# Invoice

Phone: (502) 543-2923
Fax:
E-mail:

escription of work:
Mow and trim lot
'er code enforcement

D 538
P680

Bill To:
180 Tara Dawn dr
Shepherdsville, KY 40165

| Date | Labor | QTY | Equipment | Hours | rate | |
|------|-------|-----|-----------|-------|------|---|
| 9/8/2016 | | 2 | Scag mower & trailer | 2hrs | $ | 120.00 |
| | | 1 | Stihl weedeater | 2hrs | $ | 40.00 |
| | 2 Men | 2 | | 2hrs | $ | 20.00 |
| | | | | | $ | |
| | | | | | $ | |
| | | | | | $ | |
| | | | | Total | $ | 380.00 |

Mowing and Maintenance has a two (2) hour minimum

Mowing and trimming were completed and trash was picked up off lot

DOCUMENT NO: 569920
RECORDED: October 18,2016  09:01:00 AM
TOTAL FEES:          $26.00
COUNTY CLERK: KEVIN MOONEY
DEPUTY CLERK: BEVERLY BOWLING
COUNTY: BULLITT CO CLERK
BOOK: E100   PAGES: 720 - 726

BULLITT COUNTY
E100   PG726

Page 1

01/09/2018  14:08   15025439121          BULLITT COUNTY CLERK          PAGE  24/32

MAILED TO:
PREPARER

COMMONWEALTH OF KENTUCKY          JEFFERSON DISTRICT COURT
COURT OF JUSTICE                            CASE NO. 16-C-010038
                                              SECOND DIVISION

## NOTICE OF JUDGMENT LIEN
## ON REAL ESTATE

JUDGMENT DEBTOR:                    JUDGMENT CREDITOR:
DARLA M. NORRIS                     SOUTHERN EMERGENCY
160 Tara Dawn Dr.                   MEDICAL SPECIALISTS
Shepherdsville KY 40165
                                    JUDGMENT DATE:          01/25/2017

                                    JUDGMENT AMOUNT:  $     1288.07
                                    COURT COST TO DATE:  $   108.75
                                    ATTORNEY FEE:      $     193.21
                                    (per contract)

                                    BALANCE AS OF: June 27, 2017
                                    $1288.07(plus pre and post judgment interest),
                                    plus court cost of $108.75 to date and plus
                                    attorney fee of $193.21 per contract.

        NOTICE OF JUDGMENT DEBTOR:
YOU MAY BE ENTITLED TO AN EXEMPTION
UNDER KRS 427.060, REPRINTED BELOW.
IF YOU BELIEVE YOU ARE ENTITLED TO
ASSERT AN EXEMPTION, SEEK LEGAL
ADVICE.

Take notice that the Judgment Creditor herein has obtained judgment against the Judgment Debtor

as set forth above and that this Notice constitutes a lien upon all real estate in BULLITT

COUNTY in which said Judgment Debtor has any ownership interest.

        INSTRUCTIONS TO COUNTY CLERK:
        Pursuant to KRS 426.720, you shall immediately
enter this Notice of Judgment Lien on Real Estate in the
Lis Pendens Records of BULLITT County.  Entry shall
be noted upon the original of this Notice, and a copy returned
to JOHN R. COX, Attorney, as indicated below.

                    BULLITT COUNTY
                    E102  PG380

Exhibit F

KRS 427.060 = In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed $5,000.00 in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon.

I certify that on  June 27, 2017  a copy of this Notice of Judgment Lien on Real Estate was sent by regular first-class mail, postage pre-paid to the Judgment Debtor's last known mailing address:

Darla M. Norris
160 Tara Dawn Dr.
Shepherdsville KY  40165

The undersigned is attempting to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

PREPARED BY: _____
JOHN R. COX
COUNSEL FOR JUDGMENT CREDITOR
1817 Brownsboro Road
Louisville KY 40206
(502) 259-9763

DOCUMENT NO: 582576
RECORDED: June 30, 2017 03:43:00 PM
TOTAL FEES:        $13.00
COUNTY CLERK: KEVIN MOONEY
DEPUTY CLERK: BEVERLY BOWLING
COUNTY: BULLITT CO CLERK
BOOK: E102  PAGES: 380 - 381

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

DARLA NORRIS, ET AL.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     BULLITT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345
Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$98,741.08

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
3/7/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# United States District Court

**WESTERN**          **DISTRICT OF**          **KENTUCKY**
**AT LOUISVILLE**

United States of America                    **SUMMONS IN A CIVIL CASE**

                                            CASE NUMBER:

      **v.**

Darla Norris, et al.

**TO:**   (Name & Address of Defendant)

    DARLA NORRIS
    A/K/A DARLA M. HODGES
    160 Tara Dawn Drive
    Shepherdsville, Kentucky

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

      William F. Campbell
      Assistant U.S. Attorney
      United States Attorney's Office
      717 West Broadway
      Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                          DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐      Served personally upon the defendant.  Place where served:

_____

☐      Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and      discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐      Returned unexecuted:

_____
_____
_____

☐      Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____     _____
                     Date                                    Signature of Server

_____

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN**          **DISTRICT OF**          **KENTUCKY**
**AT LOUISVILLE**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Darla Norris, et al.

**TO:**   (Name & Address of Defendant)

```
CITY OF SHEPHERDSVILLE, KENTUCKY
SERVE: Walt Sholar, City Attorney
147 Combs Court, POB 6539
Shepherdsville, KY 40165
```

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                                          DATE


_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____        _____
          Date                         Signature of Server

_____

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** _____ **DISTRICT OF** _____ **KENTUCKY**
**AT LOUISVILLE**

United States of America                    **SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**v.**

Darla Norris, et al.

**TO:**    (Name & Address of Defendant)

       SOUTHERN EMERGENCY MEDICAL SPECIALISTS, P.S.C.
       SERVE: John R. Cox, Counsel
       1817 Brownsboro Road
       Louisville, Kentucky 40206

    **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

       William F. Campbell
       Assistant U.S. Attorney
       United States Attorney's Office
       717 West Broadway
       Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                                          DATE


_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on     _____       _____
                    Date                                    Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**